## (September 30, 1968)

**ANGELINA CANNIZZARO et al., Respondents, v. FRANK DI MARTINI, Appellant.**— Judgment of the Supreme Court, Richmond County, dated October 4, 1967, reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff Angelina Cannizzaro shall serve and file in the trial court a written stipulation consenting to reduce from $32,000 to $21,500 the amount of the verdict in her favor and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict in favor of plaintiff Angelina Cannizzaro was excessive to the extent indicated. Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur.

**MARY CUNNINGHAM et al., Appellants, v. MANNIE L. HINTON et al., Respondents, et al., Defendant.**— In a negligence action to recover damages for personal injury, plaintiffs appeal from (1) an order of the Supreme Court, Nassau County, entered April 4, 1968, which denied their motion to set aside a jury verdict in favor of defendants Hinton and Stanley; and (2) a judgment of said court, entered April 17, 1968, upon the verdict. Judgment reversed, on the law and facts, and new trial granted as against defendants Hinton and Stanley, with costs to abide the event. In our opinion, the verdict of the jury is against the weight of the credible evidence (*Raisig* v. *Young*, 13 A D 2d 706; *Giordano* v. *Fletcher*, 18 A D 2d 1006). Appeal from the order dismissed, without costs. An order denying a motion for a new trial, made only on the trial minutes, is not appealable. In any event, the foregoing disposition of the appeal from the judgment renders the appeal from the order academic. Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur.

**In the Matter of SHIRLEY LUCK, Respondent, v. JEFFREY LUCK, Appellant.**— Order of the Family Court, Kings County, dated May 24, 1968 and made on reargument, modified, on the facts, by reducing the amount of the biweekly child support payments from $100 to $80. As so modified, order affirmed, without costs. In our opinion, the award for support was excessive to the extent indicated. Appeal from the original order of the same court, dated March 29, 1968, dismissed as academic, without costs. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.